UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO MESTRE,<br><br>　　　　　　　　　　　Plaintiffs,<br>v.<br>OFFICER KRUMREI et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 16-cv-416-BEN-JLB<br><br>**ORDER:**<br><br>**(1) ADDRESSING PLAINTIFF'S REQUESTS REGARDING DISCOVERY AND MOTION PRACTICE; and**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 14, 16 ]** |

　　　Presently before the Court are Plaintiff's letters to the Court dated May 3, 2016, and May 4, 2016. (ECF Nos. 14 & 16.) In his letters, Plaintiff seeks assistance from the Court with respect to discovery, motion practice, and the appointment of counsel in this case. The Court addresses each of Plaintiff's requests below.

**I.　Request for Assistance With Discovery**

　　　In his letters, Plaintiff seeks assistance from the Court with respect to requesting and inspecting documents in Defendants' possession. Specifically, Plaintiff's May 3, 2016 letter states in relevant part:

> I seek to obtain documents pertaining to prior complaints and allegations of any type of excessive force, citizen complaints, or anything relevant to my civil rights excess force claim.

(ECF No. 16 at 1–2.)

Plaintiff's May 4, 2016 letter states in relevant part:

> I would like to know how I can request what I believe is called "Pitchess" Request to obtain Defendants San Diego Police Department Personnel file or it could be called an in camera review."

(ECF No. 14 at 2.)

The Court is prohibited from providing legal advice to, or acting as counsel to, any party, and therefore it cannot provide Plaintiff with the specific assistance he seeks. The Court directs Plaintiff that any request for discovery must be prepared and served on Defendants pursuant to Federal Rules of Civil Procedure 26–37.

**II.   Request for Assistance with Motion Practice**

Plaintiff's May 4, 2016 letter seeks assistance from the Court with respect to filing forms and following proper motion procedures. Specifically, Plaintiff's May 4, 2016 letter states in relevant part:

> [M]y questions are since I am doing this whole process pro per and am not very savvy in the courts and cannot afford an attorney . . . . I ask if you or your office can please assist me in acquiring the correct forms or motion procedures so I may file or present to the Courts.

(ECF No. 14 at 1–2.)

With respect to this request, the Court directs Plaintiff to visit the Court's website, where all of the Court's publicly available forms are located. Apart from what is available on the Court's website, there are no other forms the Court may provide to Plaintiff.

**III.   Request for Appointment of Counsel**

Plaintiff's May 4, 2016 letter also inquires whether Plaintiff may be appointed counsel in this case. Plaintiff's letter states in relevant part:

> [C]an I ask the courts to have someone assist me and if so if I also have someone in mind may I ask for that specific attorney if he agrees to be my paralegal assistant?

(ECF No. 14 at 1–2.) The Court interprets Plaintiff's request as a motion for appointment of counsel.

There is no constitutional right to the appointment of counsel in § 1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 559 U.S. 906 (2010) (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom.*, *Gerber v. Agyeman*, 545 U.S. 1128 (2005)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)). Neither of these considerations is dispositive and instead must be viewed together. *Id.*.

At this stage of the proceedings, the Court **DENIES without prejudice** Plaintiff's Motion to Appoint Counsel as it appears Plaintiff is capable of articulating the factual basis for his claims and his likelihood of success on the merits is not yet clear. Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). This denial is without prejudice, and Plaintiff is therefore not precluded from requesting the appointment of counsel at a later stage in this case, should he be able to make the requisite showing of exceptional circumstances at that time.

**IT IS SO ORDERED.**

Dated: May 18, 2016

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge